RECOMMENDED FOR PUBLICATION
 Pursuant to Sixth Circuit I.O.P. 32.1(b)
 File Name: 21a0164p.06

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT

 ┐
 KIMISSA ROWLAND,
 │
 Plaintiff-Appellant, │
 > No. 20-5944
 │
 v. │
 │
 SOUTHERN HEALTH PARTNERS, INC.; JANE BARTRAM, │
 APRN, STACY JENSEN, APRN, and SABINA TRIVETTE, │
 LPN, Individually, │
 Defendants-Appellees. │
 ┘

 Appeal from the United States District Court
 for the Eastern District of Kentucky at Frankfort.
 No. 3:18-cv-00033—Gregory F. Van Tatenhove, District Judge.

 Argued: March 12, 2021

 Decided and Filed: July 21, 2021

 Before: MOORE, ROGERS, and READLER, Circuit Judges.

 _________________

 COUNSEL

ARGUED: Gregory A. Belzley, BELZLEY, BATHURST & BENTLEY, Prospect, Kentucky,
for Appellant. Margaret Jane Brannon, JACKSON KELLY PLLC, Lexington, Kentucky, for
Appellees. ON BRIEF: Gregory A. Belzley, BELZLEY, BATHURST & BENTLEY, Prospect,
Kentucky, for Appellant. Margaret Jane Brannon, Robert F. Duncan, JACKSON KELLY PLLC,
Lexington, Kentucky, for Appellees.

 ROGERS, J., delivered the opinion of the court in which READLER, J., joined.
MOORE, J. (pp. 11–20), delivered a separate dissenting opinion.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 2

 _________________

 OPINION
 _________________

 ROGERS, Circuit Judge. Civil Rule 54(b) permits a district court to enter final judgment
“as to one or more, but fewer than all, claims or parties” when it determines, using a multi-factor
analysis, that “there is no just reason for delay.” Can a litigant circumvent the requirements of
Rule 54(b) by the expedient of voluntarily dismissing her surviving claims in order to seek
immediate appellate review of an adverse judgment on her resolved claims, with the intention of
reinstating the dismissed claims should she obtain a favorable outcome on appeal? Eight years
ago, we answered this question no, because such a dismissal does not create a final order under
28 U.S.C. § 1291. Page Plus of Atlanta, Inc. v. Owl Wireless, LLC, 733 F.3d 658, 658 (6th Cir.
2013). The answer is still no.

 Kimissa Rowland appeals from two district court orders disposing of her state and federal
claims arising from injuries she sustained while incarcerated. In the first order, the district court
entered partial summary judgment in favor of the defendants on Rowland’s 42 U.S.C. § 1983 and
punitive damages claims. Afterwards, by agreement of the parties, the court entered an order
dismissing Rowland’s remaining state-law negligence claims without prejudice, so that Rowland
could pursue this appeal on her federal claims. Rowland requests on appeal that if we decide to
reverse on any of the resolved claims, then we should also reinstate her dismissed state-law
claims. But this attempt to manufacture finality by voluntarily dismissing certain claims without
prejudice in order to pursue what would otherwise be an interlocutory appeal is an impermissible
circumvention of Federal Rule of Civil Procedure 54(b). In the absence of an effective final
judgment, we lack appellate jurisdiction to hear this appeal.

 Rowland brought suit in federal district court alleging claims for deliberate indifference
for failure to provide adequate medical care under § 1983, and negligence under Kentucky law,
and she sought punitive damages in her request for relief. The defendants, Southern Health
Partners, Inc. (the healthcare provider for Franklin County Jail) and its three employee nurses
who worked at the jail, filed a motion for summary judgment on all claims. The district court
granted partial summary judgment in favor of the defendants on all claims except for the
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 3

negligence claims against two of the nurses in their individual capacities. Rowland v. S. Health
Partners, Inc., No. 3:18-cv-00033-GFVT-EBA, 2020 WL 4288401, at *8 (E.D. Ky. July 27,
2020). As to these claims, the court ruled that summary judgment was inappropriate because a
reasonable jury could find that negligence on the part of the two nurses caused Rowland’s
injuries. Id. at *7. Shortly thereafter, in a teleconference with the court, both parties agreed to
dismiss the remaining state-law claims, and the district court entered an order dismissing those
claims without prejudice. The order stated:

 [d]uring the teleconference, the parties agreed that their preferred method of
 moving forward is to dismiss the remaining claims so that Plaintiff Kimissa
 Rowland may appeal the Court’s Order granting summary judgment in favor of
 the defendants as to the constitutional claims. Accordingly, and the Court being
 otherwise sufficiently advised, it is hereby ORDERED that all remaining claims
 are DISMISSED WITHOUT PREJUDICE. The matter is STRICKEN from the
 Court’s active docket.

Rowland appealed from both the partial summary judgment order and the order dismissing her
remaining claims without prejudice, even though she requested the latter order.

 On appeal, Rowland does not challenge the dismissal of her state-law claims. Instead,
she argues that the “state claims that were dismissed by the District Court without prejudice
should be restored and remanded for resolution with her federal claims, given that they are all
based on the same underlying facts and to promote judicial economy and the interests of justice.”
(Rowland asserts on appeal that the dismissal was an exercise of the district court’s discretion
under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over her state-law negligence
claims. But this rationale is absent from the district court’s order.) Rowland contends that she
appealed the order dismissing her claims without prejudice “in order to support their
reinstatement should the District Court’s decision on her § 1983 claims be reversed, and to toll
the deadline for refiling such claims in state court should its decision be affirmed.” At oral
argument, we questioned the parties as to the nature of the dismissal and whether it had any
effect on our appellate jurisdiction. Rowland’s counsel maintained that we have appellate
jurisdiction despite the lack of a Rule 54(b) certification by the district court, because the
dismissal was made for the purpose of promoting judicial economy in case we reversed the
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 4

summary judgment on some or all of her federal claims. The parties have also filed
supplemental briefs, at our request, on the question of our appellate jurisdiction.

 We lack jurisdiction over this appeal because the voluntary dismissal of Rowland’s
remaining state-law claims did not create an appealable final order under 28 U.S.C. § 1291.
Rowland’s decision to voluntarily dismiss her—presumably strongest—claims without prejudice
for the purpose of obtaining an immediate appeal, and with the intention of reinstating the
dismissed claims if the appeal was successful, is an impermissible circumvention of the finality
requirement and the procedures set forth in Rule 54(b). Fed. R. Civ. P. 54(b). This conclusion is
compelled by our own precedent and is consistent with the decisions of nearly every other circuit
court to address this issue. See Page Plus, 733 F.3d at 662; JTC Petroleum Co. v. Piasa Motor
Fuels, Inc., 190 F.3d 775, 776 (7th Cir. 1999) (surveying circuit court cases).

 We have appellate jurisdiction over “final decisions of the district courts.” 28 U.S.C.
§ 1291. A final decision is one that “ends the litigation on the merits and leaves nothing for the
court to do but execute the judgment.” Catlin v. United States, 324 U.S. 229, 233 (1945). With
narrow exceptions not pertinent here, “the finality requirement establishes a one-case, one-appeal
rule.” Page Plus, 733 F.3d at 659 (citing Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S.
863, 868 (1994)). This rule “guards against piecemeal appeals that permit litigants to second-
guess the district court at each turn, harming the district court’s ability to control the litigation in
front of it and consuming finite appellate court resources along the way.” Id. (citing Mohawk
Indus., Inc. v. Carpenter, 558 U.S. 100, 106–07 (2009)).

 Page Plus is directly on point. 733 F.3d at 659. In that case, we considered whether we
had appellate jurisdiction over an appeal where the parties submitted a stipulation of dismissal
under Rule 41(a)(2) to the district court seeking to dismiss the only claim remaining in the
litigation after summary judgment was granted on all other claims. Id. at 659; Fed. R. Civ. P.
41(a)(2). The parties jointly sought to dismiss the defendant’s counterclaim for breach of
contract without prejudice so that they both could pursue appeals on the resolved claims. Page
Plus, 733 at 659. The district court granted the dismissal, with a stipulated agreement that if the
defendant received an adverse judgment on appeal, defendant would be allowed to reassert the
counterclaim following remand, and plaintiffs agreed not to assert any defense based on the
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 5

passage of time. Id. We held that this conditional dismissal did not meet the “traditional test of
finality,” because instead of guaranteeing an end to the litigation, the order ensured that “the
reserved claim would ‘spring back to life’ if . . . any of the issues teed up for our consideration
by the parties were reversed.” Id. at 660. Here, Rowland similarly dismissed her state claims for
the purpose of pursuing what would otherwise be an interlocutory appeal on other issues. This
tactic presents, in essence, the same issue we confronted in Page Plus, because Rowland’s
claims can also “spring back to life” if we were to reverse the summary judgment on any of her
federal claims. Id. Although there was no formal stipulation of dismissal submitted by the
parties here, the record reflects that both sides jointly agreed with this maneuver. Moreover, the
defendants offered no objection to Rowland’s request that her dismissed claims be reinstated if
we grant her a favorable outcome on her resolved claims. Such attempts at obtaining an
effectively interlocutory appeal contravene the purpose of the finality requirement, which is
intended to prevent parties from pausing the litigation, appealing, then resuming the litigation on
a “half-abandoned claim if the case returns.” Id. This type of piecemeal appeal “diminishes the
role of the district court, delays the district court proceedings and wastes appellate court
resources.” Id. at 661.

 Furthermore, this case does not fall into any of the exceptions that Congress and the
courts have carved out from the finality requirement. Rowland failed to use the prescribed
methods for pursuing interlocutory appeals, including Rule 54(b) and 28 U.S.C. § 1292(b),
which allow for flexibility in determining when an appeal is appropriate before all claims have
been resolved. Rule 54(b) is particularly relevant in this context, given Rowland’s claim that the
voluntary dismissal of the state claims was intended simply to save time and promote judicial
economy. Rule 54(b) effectuates that exact purpose, providing, in relevant part:

 When an action presents more than one claim for relief . . . or when multiple
 parties are involved, the court may direct entry of a final judgment as to one or
 more, but fewer than all, claims or parties only if the court expressly determines
 that there is no just reason for delay.

Fed. R. Civ. P. 54(b). If a party seeks an immediate appeal from the final disposition of only
some of her claims, as Rowland does here, she must ask the district court to grant a certification
under Rule 54(b). Describing the test for Rule 54(b) certification in greater detail, we stated:
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 6

 Accordingly, “[p]roper certification under Rule 54(b) is a two-step process,” and
 we review each step under a different standard. Planned Parenthood Sw. Ohio
 Region v. DeWine, 696 F.3d 490, 500 (6th Cir. 2012). “First, the district court
 must expressly direct the entry of final judgment as to one or more but fewer than
 all the claims or parties in a case.” Id. (quoting Gen. Acquisition, Inc. v.
 GenCorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994)). Importantly, Rule 54(b) does
 not require a district court to “enter the partial final judgment in its certification of
 an immediate appeal pursuant to Rule 54(b).” Downie v. City of Middleburg
 Heights, 301 F.3d 688, 693 (6th Cir. 2002). Rather, the court “simply must
 recognize that such a partial final judgment has been entered.” Id. We review
 this first step de novo. Planned Parenthood, 696 F.3d at 500. “Second, the
 district court must expressly determine that there is no just reason to delay
 appellate review.” Id. (quoting Gen. Acquisition, 23 F.3d at 1026). We review
 this second step for an abuse of discretion. Id.

Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc., 638 F. App’x 489, 494 (6th Cir.
2016). We have also identified several factors that district courts should consider when deciding
whether there is a just reason for delay, including:

 (1) the relationship between the adjudicated and the unadjudicated claims; (2) the
 possibility that the need for review might or might not be mooted by future
 developments in the district court; (3) the possibility that the reviewing court
 might be obliged to consider the same issue a second time; (4) the presence or
 absence of a claim or counterclaim which could result in set-off against the
 judgment sought to be made final; (5) miscellaneous factors such as delay,
 economic and solvency considerations, shortening the time of trial, frivolity of
 competing claims, expense, and the like.

Id. at 497 (quoting Planned Parenthood, 696 F.3d at 503). We review the district court’s
application of these factors for abuse of discretion to confirm that hearing the appeal would be a
proper use of finite appellate court resources. But the initial determination of both steps in the
Rule 54(b) process must be made by the district court. Id. at 496. If we were to allow what the
parties and district court did here, it would render this entire framework meaningless, as litigants
could easily sidestep the Rule 54(b) process and obtain an immediate appeal any time the court
entered final judgment on a single claim. Rule 54(b) certification remains a viable path for the
parties to obtain appellate review of the resolved claims in this case, so long as the parties and
district court follow the proper procedures for a determination under the rule.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 7

 Even outside these express interlocutory appeal methods, we reasoned in Page Plus that
appellate jurisdiction might possibly still exist where, as in this case, the parties voluntarily
dismiss all remaining claims without prejudice before appealing the claims actually resolved
below. 733 F.3d at 661. Clarifying our prior precedent,1 we stated that finality might be
established if one of two rationales applies:

 [o]ne is that a voluntary dismissal comes at a cost. When voluntarily dismissing a
 claim, a party assumes the risk that the statute of limitations, any applicable
 preclusion rules or any other defenses might bar recovery on the claim. And the
 party loses any leverage that the claim provides in the initial action, all of which
 makes dim the likelihood that a party will use a voluntary dismissal to
 manufacture finality in order to file piecemeal appeals. The other is that a claim
 voluntarily dismissed without prejudice must be re-filed in a separate action.
 There thus is no risk that the same case will produce multiple appeals raising
 different issues.

Id. In Page Plus, neither rationale was met, because the parties agreed that defendant’s
counterclaim was safe from any time-based affirmative defenses and that defendant could revive
its counterclaim in the same action, presumably to avoid any res judicata issues associated with
the voluntary dismissal. Id.

 As in Page Plus, neither rationale applies to establish finality here. Rowland pursued this
immediate appeal with the intention of assuming no risk as to the dismissed claims. The briefing
makes clear that Rowland appealed from the order dismissing her remaining claims in order to
toll the statute of limitations on her state-law negligence claims and negate that affirmative
defense while pursuing her appeal. She also did not assume the risk of any res judicata defense
because, like the defendant in Page Plus, she intended to revive her dismissed claims in this
same action if we reversed on the federal claims. The second rationale does not apply for the
same reason, because Rowland’s dismissed claims could be reinstated in this same action and

 1In Hicks v. NLO, Inc., 825 F.2d 118 (6th Cir. 1987) (per curiam), we held that voluntary dismissal of all
claims surviving summary judgment did create a final order. However, we later noted in Page Plus that Hicks was
“a summary decision” that “did not explain its rationale.” Page Plus of Atlanta, Inc. v. Owl Wireless, LLC, 733 F.3d
658, 661 (6th Cir. 2013). To that end, in Page Plus we noted two rationales, not present here, that might permit an
order dismissing claims voluntarily without prejudice to establish finality for the purposes of 28 U.S.C. § 1291.
Page Plus, 733 F.3d at 661.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 8

remanded, so there would be no need to re-file in a separate action. Consequently, Rowland’s
voluntary dismissal gave her a risk-free means of obtaining piece-meal review.

 The dismissal will likely produce multiple appeals from this single case. If we were to
exercise appellate jurisdiction and reverse the district court on some or all of the federal claims
on which it granted summary judgment, Rowland would certainly reinstate her state-law claims.
Once the district court issues a final decision on those claims, “the losing party undoubtedly will
appeal to this court, necessitating refamiliarization with the case.” Dannenberg v. Software
Toolworks, Inc., 16 F.3d 1073, 1076 (9th Cir. 1994). That we may have to revisit these claims in
a later appeal means the claims are “not settled, only on hold,” which “alone is enough to defeat
our jurisdiction,” in the Seventh Circuit’s view. Horwitz v. Alloy Auto. Co., 957 F.2d 1431, 1437
(7th Cir. 1992). In essence, the dismissal without prejudice means that the claims “remained in
the district court pending a decision by [the court of appeals].” Dannenberg, 16 F.3d at 1077.

 This disjointed approach to appellate review violates the finality requirement and wastes
appellate court resources. Relying on well-settled Seventh Circuit precedent, we stated in Page
Plus that “when a claim may ‘come back on a second appeal,’ it is appropriate to conclude that
‘the decision cannot be considered final.’” Page Plus, 733 F.3d at 661 (quoting India Breweries,
Inc. v. Miller Brewing Co., 612 F.3d 651, 657 (7th Cir. 2010)). Furthermore, nothing would
prevent Rowland from pursuing more than two merits appeals. A litigant with multiple claims
could serially set up one claim for appellate review at a time, so long as the claims are dismissed
before the lower court can issue a final judgment. See Page Plus, 733 F.3d at 661; Dannenberg,
16 F.3d at 1076. Instead of promoting judicial economy or efficiency, this instead mires the
court of appeals in endless appeals stemming from the same underlying dispute.

 Rowland would have to re-file her state-law claims in a separate action only if we
affirmed the district court’s summary judgment on all of the federal claims. Even if the appeal
on the federal claims was wholly unsuccessful, a court of appeals decision could yield
sympathetic language that Rowland could point to in order to bolster her state-law claims at trial.
This type of benefit, however marginal it may be, provides an incentive to circumvent the
finality requirement and to “force the appellate court to address every perceived mistake of the
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 9

district court instead of only the issues on which the litigation turns.” Page Plus, 733 F.3d at
661.

 That the district court acquiesced to the dismissal is of no consequence. The district court
did not consider finality and the parties never raised the point below. As we observed in Page
Plus, the “district court’s views on finality at any rate matter only when expressed through a
Rule 54(b) determination.” 773 F.3d at 662.

 Our decision is consistent with the rulings of all but one of the other circuits to address
this issue. The Eleventh Circuit held that it was well-settled that “voluntary dismissals, granted
without prejudice, are not final decisions themselves and also do not transform an earlier partial
dismissal or partial summary judgment order into a final decision.” State Treasurer of State of
Michigan v. Barry, 168 F.3d 8, 13 (11th Cir. 1999). The Third, Fifth, Seventh, Eighth, Ninth,
and Tenth Circuits have similarly held that such dismissals are impermissible attempts to
circumvent the finality requirement of § 1291. See Fed. Home Loan Mortg. Corp. v. Scottsdale
Ins. Co., 316 F.3d 431, 439–40 (3d Cir. 2003); Ryan v. Occidental Petroleum Corp., 577 F.2d
298, 301–02 (5th Cir. 1978); Union Oil Co. of Calif. v. John Brown E & C, 121 F.3d 305, 312
(7th Cir. 1997); Clos v. Corr. Corp. of Am., 597 F.3d 925, 928 (8th Cir. 2010); Dannenberg, 16
F.3d at 1075–76; Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir. 1992).
The only circuit to buck this trend appears to be the Second Circuit, where the court departed
from its own precedent and held that a dismissal without prejudice did establish finality. In
Purdy v. Zeldes, 337 F.3d 253, 258 (2d Cir. 2003), the Second Circuit reasoned that “Purdy runs
the risk that if his appeal is unsuccessful, his malpractice case comes to an end. We therefore
hold that a conditional waiver such as Purdy's creates a final judgment reviewable by this court.”
Purdy purported to distinguish Chappelle v. Beacon Communications Corp., 84 F.3d 652, 654–
55 (2d Cir. 1996), which had reasoned that “because a dismissal without prejudice does not
preclude another action on the same claims, a plaintiff who is permitted to appeal following a
voluntary dismissal without prejudice will effectively have secured an otherwise unavailable
interlocutory appeal.” We disagreed with the Purdy approach in Page Plus, noting that “finality
either exists at the time an appellate court decides the appeal or it does not,” and “[i]f the
possibility of finality alone establishes finality, the word has no meaning, and § 1291 serves little
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 10

purpose.” Page Plus, 733 F.3d at 662. In any event, our decision today follows from our own
firm precedent and is supported by the majority of rulings from other circuits on this issue.

 If Rowland still desires quick appellate review of the district court’s summary judgment
on the federal claims, multiple options are available to her at the district court. First, she can
return to this court immediately by dismissing her state-law negligence claims with prejudice,
“thus ‘finalizing’ the partial summary judgment.” Dannenberg, 16 F.3d at 1076. Second, she
can return to the district court and request a Rule 54(b) certification. If the district court properly
decides that there is “no just reason” for delaying the appeal of her federal claims—applying the
relevant factors—then Rowland can pursue this appeal without dismissing her remaining state
law claims. If the goal was to promote judicial economy and the interests of justice, as Rowland
asserts on multiple occasions in this appeal, then the proper approach would have been to go
through the Rule 54(b) analysis and obtain a certification to appeal the federal issues. The
determination would be subject to our review on such an appeal. Third, Rowland can seek an
interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See In re City of Memphis, 293 F.3d 345,
350 (6th Cir. 2002). Jurisdiction under the statute is limited to situations involving “a controlling
question of law as to which there is substantial ground for difference of opinion and that an
immediate appeal from the order may materially advance the ultimate termination of the
litigation,” so long as the district judge states that such is the case in writing and the appellate
court agrees to accept the appeal. § 1292(b).

 These options are generally available to litigants facing partial summary judgment, and
we make no decision as to whether any would apply here. Finally, Rowland can of course forgo
an immediate appeal and first litigate the state-law claims at the district court. According to the
defendants’ counsel at oral argument, that was what the district judge had originally planned to
do before the parties sought to dismiss the state-law claims instead. Rowland can then appeal
from the final disposition of all of her claims.

 For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 11

 _________________

 DISSENT
 _________________

 KAREN NELSON MOORE, Circuit Judge, dissenting. At the heart of this thorny
jurisdictional issue is the question of how much weight we should accord a party’s desires versus
a district court’s written order. Because I believe that the plain language of the district court’s
order dismissing Rowland’s state-law claims controls the outcome of this case over Rowland’s
stated intentions, I respectfully dissent.

 Rowland filed a complaint in federal district court against Defendant Southern Health
Partners (“SHP”) and its nurses, Defendants Jane Bartram, Stacey Jensen, and Sabina Trivette,
alleging federal constitutional claims under 42 U.S.C. § 1983, state-law claims for negligence
and gross negligence, and a claim for punitive damages. R. 1 (Complaint at 7–8) (Page ID #7–
8). The district court granted summary judgment in favor of Defendants on her federal
constitutional claims and several of her state-law claims and denied her claim for punitive
damages. Because the district court retained jurisdiction over her remaining state-law claims,
finding that they survived summary judgment, Rowland was left with a partial-summary-
judgment order that, on its own, did not constitute a final appealable decision. So the parties
began to prepare for trial to litigate the remaining state-law claims. But they soon paused their
preparations. During a status teleconference with the district court, both Rowland and
Defendants “agreed that their preferred method of moving forward [was] to dismiss [Rowland’s]
remaining [state-law] claims so that Plaintiff Kimissa Rowland may appeal the Court’s Order
granting summary judgment in favor of the defendants as to the constitutional claims.” R. 91
(Order at 1) (Page ID #2178). Accordingly, the district court dismissed the remaining claims
without prejudice and struck the case from the court’s active docket. Id. Rowland then appealed
the district court’s grant of summary judgment and the order dismissing her remaining state-law
claims. R. 92 (Notice of Appeal) (Page ID #2180).

 Generally, federal courts of appeals may review only “final decisions of the district
courts.” 28 U.S.C. § 1291 (emphasis added). “A ‘final decision’ is one ‘by which a district
court disassociates itself from a case.’” Gelboim v. Bank of Am. Corp., 574 U.S. 405, 408 (2015)
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 12

(quoting Swint v. Chambers Cnty. Comm’n, 514 U.S. 35, 42 (1995)). Although the Supreme
Court interprets § 1291 in a “‘practical rather than a technical’” manner, the statute essentially
applies to “rulings that terminate an action.” Id. at 409 (quoting Mohawk Indus., Inc. v.
Carpenter, 558 U.S. 100, 106 (2009)). The issue we face today is one that has troubled courts of
appeals for over forty years: whether an order granting a motion to voluntarily dismiss an action
without prejudice under Federal Rule of Civil Procedure 41(a)(2) constitutes a “final decision”
from which plaintiffs may appeal prior adverse decisions that resolved only some of their claims.
Nearly every circuit has weighed in on this question with inter- and intra-circuit splits causing
confusion and frustration for both courts and litigants. See Corley v. Long-Lewis, Inc., 965 F.3d
1222, 1236–37 (11th Cir. 2020) (William H. Pryor, C.J., joined by Luck, J., concurring)
(discussing the existing inter- and intra- circuit splits as well as the myriad of exceptions to
purportedly bright-line rules establishing the nonfinality of voluntary dismissals without
prejudice); see also Terry W. Schackmann & Barry L. Pickens, The Finality Trap: Accidentally
Losing Your Right to Appeal (Part II), 58 J. Mo. B. 138, 138 (2002) (noting that the majority of
circuits as of 2002 did not consider voluntary dismissals without prejudice as final appealable
decisions but “have carved often-unpredictable exceptions into” the application of this standard).

 Rowland, inadvertently and perhaps unwittingly, stepped into this quagmire. In fact,
neither party disputed that we had appellate jurisdiction over Rowland’s appeal. Even after we
asked for supplemental briefing, neither party contended that we lacked appellate jurisdiction
over Rowland’s appeal to the extent it challenged the claims dismissed by the grant of summary
judgment (“summary-judgment claims”). We, however, have an independent obligation to
assure ourselves that appellate jurisdiction exists, even when neither party raises the issue. Thus,
the question before us is, under this court’s precedent, did the voluntary dismissal without
prejudice of the state-law claims constitute a final decision such that Rowland could appeal the
partial-summary-judgment order? The majority answers no, relying heavily on Page Plus of
Atlanta Inc. v. Owl Wireless, LLC, 733 F.3d 658 (6th Cir. 2013). I, however, believe that Page
Plus and our earlier decision in Hicks v. NLO, Inc., 825 F.2d 118 (6th Cir. 1987) (per curiam),
compel us to answer yes and that we have appellate jurisdiction over Rowland’s summary-
judgment claims.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 13

 Our caselaw concerning whether voluntary dismissals without prejudice are final can be
traced to two opinions that predate Page Plus: Management Investors v. United Mine Workers of
America, 610 F.2d 384 (6th Cir. 1979), and Hicks. We start, as we must, with them. Salmi v.
Sec’y of Health & Hum. Servs., 774 F.2d 685, 689 (6th Cir. 1985) (“A panel of this Court cannot
overrule the decision of another panel. The prior decision remains controlling authority unless
an inconsistent decision of the United States Supreme Court requires modification of the
decision or this Court sitting en banc overrules the prior decision.”).

 Management Investors is a mirror image of this case. The plaintiff brought suit alleging
both state and federal claims. The district court declined to exercise pendent jurisdiction over the
state-law claims and dismissed them from the action. Mgmt. Invs., 610 F.2d at 388. In response,
the plaintiff “requested and was granted a voluntary dismissal without prejudice of its [federal]
claims pursuant to Rule 41(a)(2).” Id. The plaintiff then appealed the dismissal of its pendent
state-law claims, and the defendant argued that the plaintiff lacked standing to appeal due to the
voluntary dismissal without prejudice. We agreed. We observed that “[i]n some cases involving
multi-count complaints, a court will permit a plaintiff who has voluntarily dismissed certain of
the counts to appeal from an involuntary dismissal of the remaining counts.” Id. at 394 (citing
Div. 241 Amalgamated Transit Union (AFL-CIO) v. Suscy, 538 F.2d 1264, 1266 & n.1 (7th Cir.
1976) (holding that the court had appellate jurisdiction over the adverse dismissal of one claim
where the district court granted the plaintiff’s request to voluntarily dismiss the remaining claims
without prejudice)). Although plaintiffs and district courts use Rule 41(a) to accomplish the
dismissal of remaining claims, we noted that the procedure “is more properly viewed as a Rule
15 amendment to the complaint.” Id. Often, “this procedural difference may be of no
consequence when claims of equal footing are involved.” Id. at 395. But in Management
Investors, “it ma[de] a great deal of difference” because the plaintiff’s dismissal of the federal
claims meant that there were no federal claims to which the state claims could be appended. Id.
In essence, the plaintiff had voluntarily removed any basis for federal subject-matter jurisdiction,
which then precluded the plaintiff “from complaining of the district court’s dismissal of the
pendent state claims.” Id. Here Rowland did the opposite; she voluntarily dismissed pendent
state-law claims, which did not affect the jurisdictional basis of her federal and state summary-
judgment claims.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 14

 In Hicks, we addressed the issue left open in Management Investors: whether we could
exercise appellate jurisdiction over involuntarily dismissed claims when a plaintiff has
voluntarily dismissed without prejudice any remaining claims and the voluntarily dismissed
claims were not the sole basis for the district court’s subject-matter jurisdiction. After the district
court granted summary judgment on all but one of the plaintiff’s claims in favor of the
defendants, the plaintiff dismissed without prejudice the remaining claim, and the district court
and defendants signed the stipulation to dismiss. Hicks, 825 F.2d at 119–20. The plaintiff then
appealed the partial-summary-judgment order, but the defendants moved to dismiss the appeal,
arguing that the plaintiff’s voluntary dismissal did not impart finality to the summary-judgment
order. Id. at 120. We disagreed and held that the voluntary dismissal did in fact create a final
order that allowed us to exercise appellate jurisdiction, even though the district court did not
certify the summary-judgment order under Rule 54(b). Id. (“Where a court has entered judgment
against a plaintiff in a case involving more than one claim and the plaintiff voluntarily dismisses
the claim or claims, which made the judgment non-appealable and the dismissal is brought to the
attention of the district court, this Court will not penalize the plaintiff by dismissing his or her
appeal.”). Here the district court signed and entered the voluntary dismissal order, bringing this
case within the ambit of Hicks, at least in terms of this court exercising appellate jurisdiction
over Rowland’s summary-judgment claims.

 The majority opinion argues, however, that Page Plus “is directly on point” and thus
controls the outcome of this case. Maj. Op. at 4. In Page Plus, the district court entered an order
under Rule 41(a)(2), dismissing without prejudice the damages component of a counterclaim that
remained after it granted summary judgment in favor of the defendant. Page Plus, 733 F.3d at
659. The order also stipulated that the parties agreed that the defendant could reassert the
voluntarily dismissed counterclaim following remand from the appeal and that the plaintiffs
would not assert any affirmative statute-of-limitations defenses against the reasserted claim. Id.
Both parties then appealed different parts of the district court’s summary-judgment order.
Because of the stipulation, we held that we did not have jurisdiction over either party’s appeal
because the conditional voluntary dismissal did not create a final order. Id. at 660–62. In doing
so, we had to distinguish Page Plus from Hicks, where we held that a voluntary dismissal
without prejudice of all remaining claims “imparted finality to the District Court’s earlier order
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 15

granting summary judgment.” 825 F.2d at 120. We concluded that two rationales separated the
dismissal in Hicks from the conditional dismissal in Page Plus. We recognized that voluntary
dismissals generally come with a cost because “a party assumes the risk that the statute of
limitations, any applicable preclusion rules or any other defenses might bar recovery on the
claim.” Page Plus, 733 F.3d at 661. We also noted that “a claim voluntarily dismissed without
prejudice must be re-filed in a separate action,” which removes the “risk that the same case will
produce multiple appeals raising different issues.” Id. The conditional dismissal in Page Plus
flouted both of those rationales because the parties agreed that the plaintiffs would not raise “any
time-based affirmative defenses” against the voluntarily dismissed claim and because the parties
agreed that the defendant could “revive” the claim in the same case. Id. at 661–62. In sum, the
party dismissing the claim assumed no risk to obtain the appeal.

 The majority believes that Rowland’s voluntary dismissal mirrors the conditional
dismissal in Page Plus. Maj. Op. at 5, 7–8. But the majority glosses over two very important
differences that distinguish this case. Unlike in Page Plus, here nothing in the district court’s
order states or even hints that the parties agreed that Defendants would not assert any time-based
affirmative defenses against the voluntarily dismissed state-law claims. In fact, Defendants have
explicitly stated that they believe that any re-filing of the voluntarily dismissed claims would be
time-barred. Appellee Supp. Br. at 4. The majority makes much of the fact that Rowland
believes that the voluntarily dismissed claims will not be time-barred. Maj. Op. at 7. But just
because Rowland believes this to be the case does not mean that she has not run the risk that the
statute of limitations “might bar recovery on the claim[s].” Page Plus, 733 F.3d at 661.
Defendants’ contention that her re-filed claims would be time-barred puts into stark relief the
reality that Rowland has indeed assumed some risk, regardless of how the time-bar issue is
ultimately resolved by the courts.

 The majority runs into the same issue in regard to Rowland’s belief that her claims could
be reinstated should she receive a favorable ruling on appeal. Unlike in Page Plus, nothing in
the district court’s order in this case stipulates that the parties agreed that Rowland could
reinstate her claims upon remand, nor does the order authorize Rowland to reinstate her
voluntarily dismissed claims should this court remand the case back to the district court.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 16

We stated without any supporting citation in Page Plus that “a claim voluntarily dismissed
without prejudice must be re-filed in a separate action.” 733 F.3d at 661. Nothing in the district
court’s order contemplates that this unsupported position will not be enforced should we reverse
any part of the district court’s summary-judgment order and remand the case back to the district
court. Wishes and intent alone do not make legal realities. In short, Rowland’s hope that she has
not incurred any risk by utilizing a voluntary dismissal without prejudice to seek an appeal of her
summary-judgment claims does not trump the actual risks that Rowland has assumed.

 Nor should we base appellate jurisdiction on a party’s intent or on speculation about a
party’s future conduct. Rather than waste appellate resources by examining the record for the
district court’s intent or the parties’ motivations to litigate or appeal, we should focus, as we
generally do, solely on the formal content of the district court’s orders and judgments. Any other
standard leaves courts and litigants subject to unnecessary and frustrating uncertainties.

 Furthermore, a decision to exercise appellate jurisdiction over Rowland’s summary-
judgment claims does not compel us to accede to her request to “restore[] and remand[]” her
“state claims that were dismissed by the District Court without prejudice” should we decide to
reverse any part of the district court’s summary-judgment order. Appellant Br. at 43. We faced
a similar issue when the parties in Page Plus returned to this court. After we dismissed the
original appeals for lack of appellate jurisdiction, the parties again stipulated to an order
dismissing the defendant’s remaining counterclaims without prejudice under Rule 41(a)(2), but
this time the order did not include the disapproved of conditional-reinstatement language. Page
Plus of Atlanta, Inc. v. Owl Wireless, LLC, 602 F. App’x 232, 235 (6th Cir. 2015) (“Page Plus
II”). The plaintiffs again appealed the summary-judgment order and appealed a ruling of the
district court that was relevant only to the voluntarily dismissed counterclaim. Id. at 237. We
exercised appellate jurisdiction over issues related to the summary-judgment order but dismissed
the appeal to the extent it raised issues relevant to the voluntarily dismissed counterclaim
because litigants generally cannot appeal a judgment entered with their consent. Id.; see also
Laczay v. Ross Adhesives, a Div. of Conros Corp., 855 F.2d 351, 354–55 (6th Cir. 1988).

 The same rule bars Rowland from appealing the voluntary dismissal of her remaining
state-law claims. Because she consented to their dismissal, she cannot now appeal the district
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 17

court’s decision to grant her request to dismiss those claims. After the district court’s partial
grant of summary judgment to Defendants, our caselaw offered Rowland two choices. She could
have continued to litigate her remaining state-law claims in the district court and then pursued an
appeal of all adverse rulings, or she could have voluntarily dismissed her remaining state-law
claims, with the district court’s approval, in order to appeal the prior adverse ruling on her
summary-judgment claims. Hicks, 825 F.2d at 120; see also Sampson v. Gee-Cram, 655 F.
App’x 383, 387 (6th Cir. 2016) (noting that appellate jurisdiction existed when plaintiffs
voluntarily dismissed their remaining claims without prejudice after the district court dismissed
the plaintiffs’ other claims). Having chosen to abandon her remaining state-law claims in
exchange for the right to an immediate appeal of the ruling on her summary-judgment claims,
Rowland must now face the risk that she assumed: a determination by a future trial court as to
whether she may refile her state-law claims. But it is not within our purview to reinstate and
remand those claims for her. See Studstill v. Borg Warner Leasing, a Div. of Borg Warner
Acceptance Corp., 806 F.2d 1005, 1008 (11th Cir. 1986) (per curiam); Empire Volkswagen Inc.
v. World-Wide Volkswagen Corp., 814 F.2d 90, 94–95 (2d Cir. 1987).

 Although I believe that binding precedent authorizes us to exercise appellate jurisdiction
over Rowland’s appeal of her summary-judgment claims, many factors counsel against litigants
requesting, and district courts approving, Rule 41(a) dismissals without prejudice to secure
appellate review. Litigants confront a disturbing lack of predictability in circuits that allow or do
not allow litigants to employ Rule 41(a) dismissals without prejudice to gain appellate review;
intra-circuit splits and unclear exceptions exist both in circuits with a bright-line rule disfavoring
such appeals and in circuits that routinely allow them. See Chappelle v. Beacon Commc’ns
Corp., 84 F.3d 652, 654 (2nd Cir. 1996) (collecting cases demonstrating the numerous intra-
circuit splits); Corley, 965 F.3d at 1236–37 (William H. Pryor, C.J., joined by Luck, J.,
concurring) (collecting cases “with exceptions to the purported nonfinality of voluntary
dismissals”). The disagreement and confusion sown by the circuits signal that parties should be
very wary of using Rule 41(a) as a mechanism for obtaining immediate appellate review.
Today’s decision underscores the gamble litigants take in choosing Rule 41(a)(2) as their path to
an appeal. Nothing is certain, even in a circuit that purports to allow parties to utilize Rule
41(a)(2) voluntary dismissals to secure appellate review.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 18

 Second, although several courts have held that a Rule 41(a)(2) dismissal without
prejudice constitutes a final decision that allows a party to appeal a prior involuntary adverse
judgment, see, e.g., Corley, 965 F.3d at 1231; Helm Fin. Corp. v. MNVA R.R., 212 F.3d 1076,
1080 (8th Cir. 2000), Microsoft Corp. v. Baker portends that the Supreme Court would not look
favorably upon the practice, 137 S. Ct. 1702 (2017). The district court in Microsoft denied the
plaintiffs class-certification, and the plaintiffs attempted to gain appellate review of the district
court’s order by stipulating to a voluntary dismissal of their claims with prejudice, “but [they]
reserved the right to revive their claims should the Court of Appeals reverse the District Court’s
certification denial.” Id. at 1706–07. The Supreme Court held that such a voluntary dismissal
“[did] not qualify as a ‘final decision’ within the compass of § 1291” because it “would
undermine § 1291’s firm finality principle, designed to guard against piecemeal appeals, and
subvert the balanced solution Rule 23(f) put in place for immediate review of class-action
orders.” Id. at 1707. Several courts employed very similar reasoning when dismissing appeals
stemming from Rule 41(a) voluntary dismissals without prejudice. See, e.g., Page Plus, 733
F.3d at 660–62 (noting that conditional dismissals without prejudice undercut §1291’s finality
requirements and subvert the purposes of Rule 54(b) and § 1292(b)); Chappelle, 84 F.3d at 654–
55 (holding that all Rule 41(a) dismissals without prejudice violate § 1291’s final-decision rule).
The Supreme Court has yet to review a case where plaintiffs used a Rule 41(a) dismissal without
prejudice to appeal a prior involuntary adverse judgment. Its decision in Microsoft, however,
evinces a strong respect for rulemaking as the proper avenue for determining when a decision is
final for the purposes of § 1291 or when a decision is otherwise appealable. Microsoft, 137 S.
Ct. at 1714–15. Both Microsoft and the existence of intra- and inter-circuit splits counsel that in
the future the Supreme Court may intervene and decisively bar litigants from using Rule 41(a)
voluntary dismissals without prejudice as an option to pursue appellate review.

 Importantly, litigants still retain several other options to secure appellate review of
involuntary adverse judgments that do not decide the merits of all their claims. For example,
Rowland could have sought a Rule 54(b) certification, which permits a district court to enter
final judgment “as to one or more, but fewer than all, claims or parties” when “there is no just
reason for delay.” Fed. R. Civ. P. 54(b). She also could have sought an interlocutory appeal
pursuant to 28 U.S.C. § 1292(b). As mentioned earlier, a litigant could seek to eliminate
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 19

remaining claims by amending their complaint under Rule 15(a)(2), a procedure that, like Rule
41(a)(2), is subject to the district court’s approval. See Mgmt. Invs., 610 F.2d at 394 & n.22.
And the majority of courts allow litigants to secure appellate review of prior involuntary adverse
judgments when any remaining claims are voluntarily dismissed unconditionally with prejudice.
See Innovation Ventures, LLC v. Custom Nutrition Labs., LLC, 912 F.3d 316, 331–32 (6th Cir.
2018) (holding that the court could exercise appellate jurisdiction over prior involuntary adverse
orders when a plaintiff voluntarily dismisses with prejudice any remaining claims without
running afoul of § 1291 or Microsoft); West v. Macht, 197 F.3d 1185, 1188 (7th Cir. 1999)
(collecting cases); 15A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal
Practice & Procedure § 3914.8, at 623–26 (2d ed. 1992 & Supp. 2021) (“There is much to be
said for a rule that routinely permits a plaintiff to manufacture finality by abandoning all
remaining parts of a case but that forbids any attempt at recapture.”). In light of the uncertainties
and disapproval surrounding Rule 41(a) voluntary dismissals without prejudice, the availability
of these alternatives should be a serious consideration when a district court decides to grant or
deny a Rule 41(a)(2) voluntary dismissal.

 Despite the majority’s holding that we lack jurisdiction over Rowland’s appeal, Rowland
is not stuck in a finality trap, unable to appeal her summary-judgment claims but also without
any recourse in the district court. See generally Terry W. Schackmann & Barry L. Pickens, The
Finality Trap: Accidentally Losing Your Right to Appeal (Part I), 58 J. Mo. B. 78 (2002); but see
Williams v. Seidenbach, Inc., 935 F.3d 358, 361 (5th Cir. 2019) (Haynes, J., concurring)
(“Indeed, the very fact of a ‘trap’ should ‘tip us off that [the finality trap] rests on a mistaken
view’ of the law.” (alteration in original) (quoting Knick v. Township of Scott, 139 S. Ct. 2162,
2167 (2019))), rev’d en banc, 958 F.3d 341 (5th Cir. 2020). The majority’s decision that the
Rule 41(a)(2) order did not create a final judgment allows Rowland to request that the district
court vacate the order, or the district court could decide sua sponte that it will vacate the order.
See Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (“District courts have inherent power
to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.
A district court may modify, or even rescind, such interlocutory orders.” (internal citation
omitted)); In re Saffady, 524 F.3d 799, 802–03 (6th Cir. 2008) (holding that a district court can
vacate orders prior to entry of final judgment even if done sua sponte); see also Yesh Music v.
 No. 20-5944 Rowland v. Southern Health Partners, Inc, et al. Page 20

Lakewood Church, 727 F.3d 356, 361–62 (5th Cir. 2013) (collecting cases holding that a district
court may vacate a Rule 41(a) voluntary dismissal without prejudice under Rule 60(b)).

 Although Rowland’s route to appellate jurisdiction is a disfavored route, in contrast to
§ 1292(b) or Rule 54(b), our binding precedent does not foreclose her effort. Despite Rowland’s
wishes, the plain language of the district court’s order and the stance taken by Defendants
demonstrate that she has assumed, albeit unwillingly and perhaps unwittingly, the requisite risks
our precedent demands from parties that attempt to secure appellate review of adverse judgments
by voluntarily dismissing lingering claims without prejudice. Because Rowland has met the
conditions of this circuit’s binding precedent, we should hold that she has established appellate
jurisdiction over her summary-judgment claims. For all these reasons, I respectfully dissent.