NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0003n.06

Case No. 24-3326

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CHEMICAL SOLVENTS, INC., | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jan 07, 2025 |
|  | ) | KELLY L. STEPHENS, Clerk |

CHEMICAL SOLVENTS, INC.,

    Plaintiff-Appellant,

v.

GREENWICH INSURANCE COMPANY;
ILLINOIS NATIONAL INSURANCE
COMPANY; ALEMBIC, INC.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

OPINION

---

Before: GRIFFIN, STRANCH, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Chemical Solvents, Inc. appeals the district court's grant of summary judgment to Greenwich Insurance Company and Illinois National Insurance Company on its bad-faith claim in this insurance-coverage dispute. Because the district court's order was not a final decision, we dismiss the appeal for lack of appellate jurisdiction.

In a separate lawsuit, two plaintiffs sued Chemical Solvents for bodily injury caused by exposure to chemicals. *Chem. Solvents, Inc. v. Greenwich Ins. Co.*, No. 22-3324, 2023 WL 179772, at *1 (6th Cir. Jan. 13, 2023). Chemical Solvents tendered the defense of the lawsuit to its insurers, Greenwich and Illinois National, and the insurers assumed Chemical Solvents's defense under a reservation of rights. Eventually, Greenwich and Illinois National settled the lawsuit. Because Chemical Solvents disagreed with the way Greenwich and Illinois National handled the settlement, in this suit, it brought claims against the insurers for: (1) declaratory judgment, (2) bad-faith claims handling, and (3) breach of contract. Greenwich and Illinois

National brought counterclaims against Chemical Solvents and crossclaims against each other. The district court stayed the bad-faith claim and allowed the parties to pursue summary judgment on Chemical Solvents's declaratory-judgment and breach-of-contract claims. The district court ultimately granted summary judgment in favor of Greenwich and Illinois National on those two claims, and it granted summary judgment to Illinois National on one of its declaratory-judgment claims against Chemical Solvents and Greenwich. The district court directed the entry of a final judgment as to those claims under Federal Rule of Civil Procedure 54(b), allowing Chemical Solvents to immediately appeal. We affirmed the district court's decision. *Id.* at *3.

The parties then proceeded to litigate Chemical Solvents's bad-faith claim. The district court granted summary judgment to Greenwich and Illinois National. Chemical Solvents appealed. Four months later, the parties filed a stipulation of voluntary dismissal under Federal Rule of Civil Procedure 41 to dismiss Greenwich's and Illinois National's then-pending counterclaims and crossclaims.

Although the parties seem to agree that we have appellate jurisdiction, "we have an independent obligation to assure ourselves of our own jurisdiction." *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 759 (6th Cir. 2024). "Under § 1291 of the Judicial Code, federal courts of appeals are empowered to review only 'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 582 U.S. 23, 27 (2017) (quoting 28 U.S.C. § 1291). A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64 (2018) (quotation omitted). This requires the district court to resolve "all claims and all parties in the case," *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quotation omitted), because the general rule is that "the whole case and every matter in controversy in it [must be] decided in a single appeal," *Microsoft*, 582 U.S.

at 36 (alteration in original) (quotation omitted). Thus, "[i]n the absence of a Rule 54(b) certification, an order disposing of fewer than all of the asserted claims is not appealable as a final judgment under 28 U.S.C. § 1291." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997).

At the time Chemical Solvents appealed the grant of summary judgment to Greenwich and Illinois National, the district court had not made a "final decision." *Cf. Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 610 (6th Cir. 2024). That is because Greenwich's five declaratory-judgment counterclaims and crossclaims remained pending.[1] The parties tried to cure the deficiency by stipulating to the dismissal of any remaining claims and asserting that Chemical Solvents's premature notice of appeal ripened when the parties filed the stipulation of dismissal. *See Stanley v. W. Mich. Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) ("A notice of appeal filed too early . . . ripens when the window to appeal begins." (quotation omitted)). But once the parties stipulated to the dismissal of any remaining claims, did the judgment become final and appealable? Our precedent says no.

The jurisdictional problem arises from Greenwich's failure to dismiss its claims with prejudice. The stipulation of dismissal disposed of Greenwich's claims under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (c). Because the stipulation of dismissal failed to specify whether the parties dismissed the claims with prejudice, the Federal Rules dictate that the voluntary dismissal was without prejudice, Fed. R. Civ. P. 41(a)(1)(B), which allows Greenwich to reassert these claims. Parties "cannot use voluntary dismissal *without* prejudice as an end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision appealable under § 1291." *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008)

---

[1] In a footnote in the first summary-judgment order, the district court found that Illinois National's crossclaim was moot.

(quotation omitted). That is because a voluntary dismissal without prejudice creates "the potential for piecemeal litigation . . . if we do anything but affirm." *Bd. of Trs. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Loc. Union No. 392 v. Humbert*, 884 F.3d 624, 626 (6th Cir. 2018) (internal quotation marks omitted). A dismissal without prejudice is final only if it prevents "the parties from further litigating the merits of the case in federal court." *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 557 (6th Cir. 2017) (quotation omitted).

The dismissal of Greenwich's claims without prejudice does not prevent Greenwich from litigating its claims in federal court. Complete diversity exists among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Thus, a federal district court would have subject-matter jurisdiction over Greenwich's claims. And if we reversed the district court's grant of summary judgment on Chemical Solvents's bad-faith claim, Greenwich would likely revive its declaratory-judgment claims. *See Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 428 (6th Cir. 2021).

*Rowland* is on point. 4 F.4th at 422. There, the plaintiff brought federal and state-law claims against the defendant. *Id.* at 424. After the district court granted summary judgment to the defendants on the federal claims, the plaintiff dismissed her state-law claims without prejudice so that she could immediately appeal the summary-judgment decision. *Id.* We dismissed the appeal, holding that there was no final decision because the plaintiff could "reinstate her state-law claims" if we reversed the district court's decision. *Id.* at 428. The same rationale applies here. Greenwich could reinstate its claims if we rule in Chemical Solvents's favor.

On remand, the parties have a couple of options. Greenwich can dismiss its claims with prejudice. *See Wesco Ins. Co. v. Roderick Linton Belfance, LLP*, 39 F.4th 326, 335 (6th Cir. 2022) ("If parties have no intent to litigate any remaining claims further, they should be mindful to obtain

a clear with-prejudice judgment on those claims in the district court.").  Or the parties can obtain Rule 54(b) certification that the district court's resolution of Chemical Solvents's bad-faith claim is a final judgment.

We **DISMISS** Chemical Solvents's appeal for lack of jurisdiction.